MEMORANDUM OPINION




No. 04-03-00038-CV



IN THE INTEREST OF W.M.O'C., a Child





From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-09321


Honorable Frank Montalvo, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Sarah B. Duncan, Justice

 Sandee B. Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: April 21, 2004


AFFIRMED

 William O'Connell appeals the trial court's judgment memorializing a handwritten
agreement for final orders. O'Connell asserts three issues on appeal; however, O'Connell failed to
preserve these issues for appeal. Accordingly, we affirm the trial court's judgment.

Background

 Several months after their divorce in 1993, Appellant William O'Connell ("William") and
Appellee Shermetta O'Connell ("Shermetta") had a child, W.M.O'C. In August of 1999, William
and Shermetta entered an agreement to live together in Indiana with joint custody of W.M.O'C.
Later that year, all three moved to San Antonio, Texas from Indiana and lived together until June of
2002 when William filed proceedings in Bexar County.

 In 2002, William filed a Suit Affecting the Parent-Child Relationship in Bexar County,
attempting to modify the Indiana divorce decree and the 1999 agreement. William sought to be
named sole managing conservator of W.M.O'C. William simultaneously obtained a temporary ex
parte protective order against Shermetta, which prohibited Shermetta from living in their San
Antonio home with William and W.M.O'C. Shermetta filed a reply to the application for protective
order seeking a dissolution of the ex parte order. In the reply, Shermetta claimed a community
interest in William's San Antonio home as William's lawful wife under an informal marriage
following their divorce.

 On July 9, 2002, at the hearing on the protective order, the parties and their attorneys signed
a handwritten document designated as an agreement for final orders. This agreement stated, in part,
that (1) William had the primary right to possession of the child; (2) the temporary ex parte order
was dissolved; (3) Shermetta had visitation rights; and (4) the "Court finds that no informal/common
law marriage exists; however in consideration of this agreement, Shermetta awarded house at 5012
Connecticut, Gary, Indiana free and clear." The handwritten agreement was signed by Judge
Michael Peden on the same day under the handwritten phrase "Rendered, Pronounced, Ordered."

 James Nowlin, William's counsel, subsequently prepared a formal order, which he sent to
Shermetta's counsel and William. Before the formal order was entered, William hired a new
attorney, Allan Manka, and filed a Motion to Set Aside the Agreement. In the motion, William
alleged that the agreement was "a result of accident and mistake." Shermetta then filed a Motion
to Enter an Order in Suit to Modify Parent-Child Relationship and a reply to William's motion in
which she stated that the agreement was "the result of serious and lengthy deliberations and
discussions."

 On October 17, 2002, Judge Montalvo held a hearing on (1) William's Motion to Set Aside
the Agreement, (2) Shermetta's Motion to Enter an Order, and (3) Nowlin's Motion to Withdraw
(as William's counsel). No testimony was presented during the hearing. William's new counsel
asserted that William signed the document "without fully understanding what it meant." William's
new counsel admitted that, at the time the agreement was signed, both parties were represented by
counsel. Moreover, William's counsel agreed that the formal order before the trial court accurately
represented the agreement previously signed by Judge Peden. Based on these representations, Judge
Montalvo ruled: " I am duty-bound to uphold this agreement, and I'm going to do just that. The
remedy here is a motion for new trial." Judge Montalvo signed the written order memorializing the
handwritten agreement and granted Nowlin's motion to withdraw.

 On October 23, 2002, William filed a one-page motion for new trial, which was denied.
William appeals the order signed by Judge Montalvo on October 17, 2002.

Preservation of Error

 William asserts three issues on appeal: (1) the trial court erred by divesting William of his
separate property in contravention of the Texas Constitution; (2) the trial court erred in enforcing an
agreement that converted separate property to community property (and then to another's separate
property) without following the requirements of the Texas Family Code; and (3) an agreement or
order that trades conservatorship of a child for property is against public policy and, therefore,
unenforceable.

 To preserve error for appeal, a party must make a timely, specific objection or motion to the
trial court that states the grounds for the desired ruling with sufficient specificity and complies with
the rules of evidence or procedure. Kerr-McGee Corp. v. Helton, 47 Tex. Sup. Ct. J. 248, 2004 WL
224458, *4 (Jan. 30, 2004); Tex. R. App. P. 33.1. In this case, William failed to assert any of his
appellate issues on the trial court record. The motions and hearings before the trial court presented
different and often unspecific grounds for the desired ruling. In his Motion to Set Aside the
Agreement, William alleged that the agreement was "a result of accident and mistake." (1) During the
hearing on October 17, 2002, William's counsel attacked the agreement generally by stating that
there were "a number of reasons that [the handwritten] agreement and the document that's been
typed up setting out these terms in more detail is bad." William's counsel asserted that his objection
was with the handwritten agreement and not the proposed formal order and that "the typewritten
document proposed for signature by Mr. Nowlin accurately reflect[ed] what was written." William's
counsel failed to assert any policy arguments regarding the enforcement of the handwritten
agreement and made no reference to the Texas Constitution, the Texas Family Code, the court's
divestiture of William's separate property, or the conversion of William's separate property into
community property.

 Moreover, the grounds asserted in William's motion for new trial do not preserve the issues
on appeal. In the motion for new trial, William asserted that the "judgment [was] contrary to the law
applicable to this case" because (1) the "judgment finds no marriage existed between the parties and
then proceeds to divide community property of the parties" and (2) the "judgment changes the
conservatorship of the child with no evidence or findings to support such a change." These two
issues, however, are not asserted on appeal, and William's assertion that the judgment was "contrary
to the law" did not alert the trial court of the issues presented on appeal with sufficient specificity.

 Even if we construe William's trial complaint that the "judgment finds no marriage" to have
preserved William's appellate issues regarding the conversion of his separate property, we would
reject these issues. The trial court's order did not convert William's property. The order simply
memorialized the parties' handwritten agreement that William would give Shermetta the house in
Indiana in exchange for her agreement to drop her common-law marriage claim. (2) William's three
issues are overruled.

Conclusion

 For the foregoing reasons, the trial court's judgment is affirmed.


 Phylis J. Speedlin, Justice
1. William's Motion to Set Aside stated, in part:

 The agreement of the parties on the trial date was the result of accident and mistake,
because: There were no pleadings on file to support a divorce. Petitioner was not
advised that he could not be ordered to surrender separate property even in the
event that a marriage was found to exist between him and the Respondent.
Petitioner was sole managing conservator and he was not advised that he could not
be ordered to relinquish that capacity.
2. The handwritten agreement states, in part:

 The Court finds that no informal/common law marriage exists; however, in
consideration of this agreement, Shermetta awarded [the Indiana home]. If title
search to [the Indiana home] shows encumbrance, agreement voided and Shermetta
will be entitled to trial on common law marriage if not cleared by William within
30 days.